1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

DANIEL T. WEATHERS,

Case No. 2:15-cv-00027-JAD-PAL

8

Plaintiff,

9

v.

**ORDER**

S. LOUMAKIS, et al.,

10

(Mot. Take Deposition – ECF No. 22;
Mot. Ext. Disc. – ECF No. 33)

Defendants.

11

12      This matter is before the court on Plaintiff Daniel T. Weathers' Motion to Take Deposition

13 (ECF No. 22) and the Motion to Extend Discovery (ECF No. 33) by Defendants Steven Loumakis,

14 Maribel Suey, and Russell Adams ("CCDC Defendants"). These Motions are referred to the

15 undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of

16 Practice. The court has considered the Motions. The CCDC Defendants filed an untimely

17 Response (ECF No. 34) to Weathers' motion without requesting leave of the court. Accordingly,

18 their opposition was not considered.

19                                  **BACKGROUND**

20      Mr. Weathers is a pro se prisoner currently in the custody of the Nevada Department of

21 Corrections and he is proceeding in this action *in forma pauperis* ("IFP"). On January 6, 2015, he

22 commenced this action by filing an IFP Application (ECF No. 1) and proposed complaint. This

23 case arises from Weathers' allegations, pursuant to 28 U.S.C. § 1983, regarding unsafe conditions

24 of confinement while he was incarcerated at the Clark County Detention Center ("CCDC"). Upon

25 review of the complaint, the court issued an Order (ECF No. 5) instructing Weathers to file an

26 amended complaint to correct certain defects in his pleading. Once he did so, *see* Am. Compl.

27 (ECF No. 7), the court issued a Screening Order (ECF No. 8) finding that Weathers stated a

28 plausible conditions of confinement claim against the CCDC Defendants. On January 8, 2016, the

court entered an Order (ECF No. 9) directing service of the Amended Complaint.  The CCDC Defendants filed their Answer (ECF No. 12) on February 29, 2016.

The court entered a Scheduling Order (ECF No. 17) directing that discovery be completed by June 22, 2016.  The CCDC Defendants later filed a Motion to Extend Time (ECF No. 20) to conduct discovery, which Mr. Weathers did not oppose.  *See* Pl.'s Resp. (ECF No. 21).  The parties subsequently filed a Stipulation to Extend Discovery (ECF No. 24).  The court granted the stipulation and extended the deadlines by 90 days.  *See* Scheduling Order (ECF No. 25).  The CCDC Defendants also received leave of the court to take Weathers' deposition.  *See* Defs.' Mot. Take Depo. (ECF No. 19); Order (ECF No. 27).

**DISCUSSION**

**I.    MOTION TO TAKE DEPOSITION (ECF NO. 22)**

Mr. Weathers' motion asks the court for leave to take the depositions of each of the CCDC Defendant pursuant to Rule 30(a)(2)(B) of the of the Federal Rules of Civil Procedure.  He further requests permission to conduct the depositions on the same day their counsel takes his deposition to allow the parties to keep everything simple and cost effective.  Rule 30(a)(2)(B) states that a party must obtain leave of the court to conduct a deposition "if the *deponent* is confined in prison." Fed. R. Civ. P. 30(a)(2)(B) (emphasis added).  A "deponent" is the person "who testifies by deposition" or "who gives written testimony for later use in court."  Black's Law Dictionary (10th ed. 2014).

The CCDC Defendants who Mr. Weathers wishes to depose are not incarcerated; thus, Rule 30(a)(2)(B) simply does not apply.  Weathers' qualified for *in forma pauperis* status because he lacks the financial resources to pay the filing fee.  Taking depositions is quite expensive.  The party noticing and taking a deposition is responsible to make the logistical arrangements for the time and place of the deposition and to pay for the appearance of a certified court reporter and for an original and one copy of the deposition transcript.  In this district the cost of a single deposition is typically about $1,000.  Mr. Weathers wants to take four depositions but has not shown that he has the financial ability to pay the associated costs.  He is not entitled to take the depositions at public expense or to shift the costs to the CCDC Defendants.  The *in forma pauperis* statute, 28

U.S.C. § 1915, allows him to file his lawsuit without prepaying the filing fee but does not authorize expenditures for discovery and litigation related fees or costs *Lewis v. Casey*, 518 U.S. 343, 384 (1996); *see also* LSR 1-8.  The motion will therefore be denied.  An incarcerated person may obtain discovery from parties by serving them with a deposition by written questions under Rule 31, interrogatories under Rule 33, and requests for production of documents under Rule 34.

## II.    MOTION TO EXTEND DISCOVERY DEADLINES (ECF NO. 33)

The CCDC Defendants' motion asks the court to extend the discovery deadlines in this case.  The motion states that counsel is working with the High Desert State Prison where Weathers is incarcerated to coordinate his deposition.  Written discovery requests, including those related to Weathers' medical and billing records, also remain outstanding.  The CCDC Defendants' motion is timely pursuant to LR 26-4.  Mr. Weathers did not file an opposition to the request and the deadline to do so has now expired.  The court finds good cause to extend the deadlines stated in the Scheduling Order (ECF No. 25).  Therefore, (1) discovery shall be completed on or before January 20, 2017; (2) any discovery motions shall be filed no later than February 3, 2017; (3) any motions for summary judgment shall be filed no later than February 27, 2017; and (4) the parties shall file a joint pretrial order on or before March 29, 2017, unless motions for summary judgment are timely filed, in which case the deadline to file a joint pretrial order shall be suspended until 30 days after the court issues a decision.

Accordingly,

**IT IS ORDERED:**

1.  Plaintiff Daniel T. Weathers' Motion to Take Deposition (ECF No. 22) is DENIED.

2.  Defendants Steven Loumakis, Maribel Suey, and Russell Adams' Second Motion to Extend Discovery (ECF No. 33) is GRANTED.  The deadlines stated in the Scheduling Order (ECF No. 25) are extended as follows:

     a.  discovery shall be completed on or before January 20, 2017;

     b.  any discovery motions shall be filed no later than February 3, 2017;

     c.  any motions for summary judgment shall be filed no later than February 27, 2017; and

d.  the parties shall file a joint pretrial order on or before March 29, 2017, unless motions for summary judgment are filed, in which case the deadline to file a joint pretrial order shall be suspended until 30 days after the court issues a decision

Dated this 24th day of October, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE