UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANIEL T. WEATHERS,<br><br>                 Plaintiff,<br>   v.<br>S. LOUMAKIS, et al.,<br><br>                Defendants. | Case No. 2:15-cv-00027-JAD-PAL<br><br>**ORDER**<br><br>(Mot. Compel – ECF No. 23;<br>Mot. Appt. Counsel – ECF No. 28) |

       This matter is before the court on Plaintiff Daniel T. Weathers' Motion to Compel (ECF No. 23), and Motion for Appointment of Counsel (ECF No. 28). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motions, a Response (ECF No. 26) by Defendants Steven Loumakis, Maribel Suey, and Russell Adams ("CCDC Defendants"); and Plaintiff's Reply (ECF No. 31).

### **BACKGROUND**

       Mr. Weathers is a pro se prisoner currently in the custody of the Nevada Department of Corrections and he is proceeding in this action *in forma pauperis* ("IFP"). On January 6, 2015, he commenced this action by filing an IFP Application (ECF No. 1) and proposed complaint. This case arises from Weathers' allegations, pursuant to 28 U.S.C. § 1983, regarding unsafe conditions of confinement while he was incarcerated at the Clark County Detention Center ("CCDC"). Upon review of the complaint, the court issued an Order (ECF No. 5) instructing Weathers to file an amended complaint to correct certain defects in his pleading. Once he did so, *see* Am. Compl. (ECF No. 7), the court issued a Screening Order (ECF No. 8) finding that Weathers stated a plausible conditions of confinement claim against the CCDC Defendants. On January 8, 2016, the court entered an Order (ECF No. 9) directing service of the Amended Complaint. The CCDC Defendants filed their Answer (ECF No. 12) on February 29, 2016.

1  The court entered a Scheduling Order (ECF No. 17) directing that discovery be completed by June 22, 2016. The CCDC Defendants later filed a Motion to Extend Time (ECF No. 20) to conduct discovery, which Mr. Weathers did not oppose. *See* Pl.'s Resp. (ECF No. 21). The parties subsequently filed a Stipulation to Extend Discovery (ECF No. 24). The court granted the stipulation and extended the deadlines by 90 days. *See* Scheduling Order (ECF No. 25). The CCDC Defendants also received leave of the court to take Weathers' deposition. *See* Defs.' Mot. Take Depo. (ECF No. 19); Order (ECF No. 27). In a separate order, the court granted a second Motion to Extend Discovery (ECF No. 33) and extended the deadlines stated in the Scheduling Order (ECF No. 25).

## DISCUSSION

### I.  MOTION TO COMPEL (ECF NO. 23)

Plaintiff's motion seeks to compel a long list of documents related to the incidents that are the subject of the Amended Complaint, certain rules and regulations of CCDC and the Las Vegas Metropolitan Police Department, and documents showing any disciplinary infractions by the CCDC Defendants. Plaintiff asserts that he submitted his document requests on April 23, 2016, but had not received a response as of May 28, 2016, the date of his motion. Plaintiff asks the court to sanction the CCDC Defendants in the amount of $50 as a reasonable expense he incurred because they refused to respond without substantial justification. A copy of the discovery requests was not included with the motion. In their Response (ECF No. 26), the CCDC Defendants assert that the motion should be denied because Plaintiff failed to certify that he made good faith efforts to meet and confer with counsel. The CCDC Defendants received no correspondence from Plaintiff regarding their responses to his discovery requests, which were provided to Plaintiff via mail on May 17, 2016. Additionally, the Response states that Plaintiff has been provided with over 450 documents, some of which are specifically responsive to Plaintiff's discovery requests. In his Reply (ECF No. 31), Plaintiff includes a certification that he "has in good faith conferred or attempted to confer with the Defendants in an effort to resolve the dispute without court action." *Id.* Thus, Plaintiff requests that the court grant his motion.

"Discovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (citation omitted). Litigants and their counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *Id.* (citing *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)).

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a motion to compel discovery materials may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the court's intervention. Fed. R. Civ. P. 37(a). The Local Rules of Practice state that discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. LR 26–7(c). The "meet and confer" process requires the parties "to communicate directly and discuss in good faith the issues required under the particular rule or court order." LR IA 1-3(f). Although a telephonic conference is preferable, when an incarcerated individual is appearing pro se, the parties may satisfy the meet and confer requirement through written communication. LR IA 1-3(f)(1). A party who files a discovery motion "must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants." LR IA 1-3(f)(2). Additionally, all motions to compel discovery "must set forth in full the text of the discovery originally sought and any response to it." LR 26-7(b).

A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. As a general rule, parties with discovery disputes are required to conduct personal, two-way communication to attempt to resolve their disputes without judicial intervention. *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). A personal consultation occurs when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Cardoza*, 141 F. Supp. 3d.

3

at 1145 (citing *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993)).  This "meet and confer" obligation promotes an open exchange between litigants "to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *ShuffleMaster*, 170 F.R.D. at 170.  To ensure that parties comply with these requirements, Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *See also* LR 26–7(b).  Movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Id.* (citing *Monsanto*, 151 F.R.D. at 120).

Plaintiff has not complied with the meet and confer requirement imposed by LR 26–7 and Rule 37(a)(2)(B).  Where one of the parties is a prisoner, the court does not require in-person meetings and allows the prisoner and defense counsel to meet and confer by telephone or by exchanging letters.  Although the format of the meet-and-confer process changes, the substantive requirement remains the same—namely, the parties must engage in a good faith effort to meet and confer in a good faith effort to resolve the dispute before seeking court intervention.  Plaintiff's Reply contains a conclusory certification that he "has in good faith conferred or attempted to confer."  This sentence does not provide any details of who he communicated with, where, how, or when he attempted to resolve the discovery dispute.  Plaintiff has not complied with the meet and confer requirement; therefore, his motion lack merit.  Additionally, Plaintiff did not attach a copy of his discovery requests with his motion as required by LR 26-7(b) and his Reply did not address the CCDC Defendants assertion that responses to his discovery requests were provided on May 17, 2016.  The motion is therefore denied without prejudice.

II.     **MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 28)**

Plaintiff's motion asks the court to appoint counsel because his incarceration greatly impedes his ability to litigate his claim.  This is particularly so because he is housed in administrative segregation.  He has limited formal education or knowledge of the law.  Plaintiff asserts that legal issue in this case are complex and will require significant research and

investigation; however, his access to the law library is limited and he believes expert testimony is needed. Counsel would assist Plaintiff in presenting substantive and procedural issues to the court and ease the court's task of discerning the issues. Plaintiff has received permission to proceed IFP in this case and he asserts that he is unable to afford counsel. Plaintiff has made repeated attempts to retain counsel without success.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent an indigent litigant. *Id*. This statute does not require that the court appoint counsel or authorize the court to direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

The appointment of counsel is limited to cases presenting exceptional circumstances. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff has not established that exceptional circumstances exist to justify the appointment of counsel. Plaintiff's Amended Complaint states a colorable conditions of confinement claim against the CCDC Defendants. Based on the record, the court is unable to assess the likelihood of success of Plaintiff's claim on its merits. However, the court finds that the facts alleged and legal issues raised are not especially complex. Since commencing this action, Plaintiff has submitted discovery requests to the CCDC Defendants and numerous motions to the

court. He has demonstrated sufficient ability to write and articulate his claims. The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept pro bono appointments is very small. The motion is denied.

Accordingly,

**IT IS ORDERED:** Plaintiff Daniel T. Weathers' Motion to Compel (ECF No. 23), and Motion for Appointment of Counsel (ECF No. 28) are DENIED.

Dated this 24th day of October, 2016.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　PEGGY A. LEEN
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

6