UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANIEL T. WEATHERS, | Case No. 2:15-cv-00027-JAD-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| S. LOUMAKIS, et al., | (Mot. re: Pro Bono Program – ECF No. 56) |
| Defendants. | |

This matter is before the court on Plaintiff Daniel T. Weathers' Motion re: Pro Bono Program and Copies (ECF No. 56), filed January 14, 2019. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Weathers is a pro se prisoner in the custody of the Nevada Department of Corrections at High Desert State Prison. He has received permission to proceed *in forma pauperis* in this case. Order (ECF No. 5). This case arises from Weathers' allegations, pursuant to 28 U.S.C. § 1983, regarding unsafe conditions of confinement while he was incarcerated at the Clark County Detention Center ("CCDC"). He alleges that CCDC correctional officers violated his Eighth Amendment rights by failing to provide him with protective equipment on multiple occasions while he mopped, scooped, and squeegeed the results of an overflown toilet. The court screened the Amended Complaint (ECF No. 7) and found that it states a plausible conditions of confinement claim against Defendants Steven Loumakis, Maribel Suey, and Russell Adams ("CCDC Defendants"). Screening Order (ECF No. 8).

Discovery in this matter closed in January 2017. *See* Order (ECF No. 35). The CCDC Defendants subsequently filed a Motion for Summary Judgment (ECF No. 38), arguing that they were entitled to qualified immunity from suit and they did not seriously deprived Weathers of his

1

constitutional rights nor display deliberate indifference to his health and safety. The Honorable

District Judge Jennifer A. Dorsey granted in part and denied in part the summary judgment motion,

finding that genuine issues of material fact remain regarding the nature of the alleged conditions.

Order (ECF No. 47). In addition, Judge Dorsey referred this case for appointment of pro bono

counsel:

> This case is referred to the *Pro Bono* Program adopted in General Order 2016-02
> for the purpose of screening for financial eligibility (if necessary) and identifying
> counsel willing to be appointed as *pro bono* counsel for Plaintiff Daniel T.
> Weathers. The scope of appointment will be for all purposes through the conclusion
> of trial. By referring this case to the *Pro Bono* Program, I am not expressing an
> opinion on the merits of the case.

*Id.* at 9–10.

The CCDC defendants appealed Judge Dorsey's ruling on the summary judgment motion

to the Ninth Circuit. *See* Notice of Appeal (ECF No. 48). On November 15, 2018, the Ninth

Circuit affirmed the denial of qualified immunity. Memorandum (ECF No. 53). *See also* Dec. 7,

2018 Mandate (ECF No. 54).

Mr. Weathers has now filed a Motion Regarding Referral to Pro Bono Program and

Acquiring Copies Filed (ECF No. 56). He reports that he has not received copies of the Ninth

Circuit's Memorandum or Mandate.[1] He therefore asks the court to forward him copies of "all

District Court communication filed." In addition, Mr. Weathers notes that he is still awaiting

representation for all purposes through the conclusion of trial.

## DISCUSSION

### I. REQUEST FOR COPIES

Generally, an inmate has no constitutional right to free photocopying or to obtain court

documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *see also Lewis*

*v. Casey*, 518 U.S. 343, 384–85 (1996) (the constitutional right of access to the courts does not

---

[1] Plaintiff also states that his "Ninth Circuit attorney" did not receive copies of the Memorandum or
Mandate. The court was informed by the pro bono liaison that counsel, Hillary Walsh, Esq., was appointed
for the limited purpose of representing Plaintiff before the Ninth Circuit. Since Ms. Walsh was not
appointed to represent him in this court, she is not registered to receive electronic filings from this court.
Unless and until a volunteer attorney is appointed, Plaintiff is proceeding in this case pro se and will receive
all court filings by mail.

impose an "obligation on the States to finance and support prisoner litigation"). The Local Rules of Practice state that permission to proceed *in forma pauperis* does not waive the applicant's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915." LSR 1-7. Section 1915 does not authorize any public funds to be spent for expenses such as copies. Nothing in the Federal Rules of Civil Procedure, the Local Rules, or Ninth Circuit case law support an assertion that fees and costs associated with prosecuting a civil action be financed or subsidized by the courts or defendants.

Pursuant to 28 U.S.C. § 1914(b) and §1930, the Judicial Conference has adopted a schedule of fees for filings and related services provided by the United States Courts. Upon the court's entry of an order, the clerk's office will mail the inmate one copy of the order at no cost. If an inmate desires to receive a file-stamped copy of any document he or she submitted to the court, the inmate must provide an additional copy (or copies) of the document along with a self-addressed stamped envelope. Later requests for an additional copy (or copies) are subject to copy fees.

The court has conducted a review of the docket and found no irregularities concerning service of the Ninth Circuit's Memorandum or Mandate. The receipts of electronic filing for both the Memorandum and Mandate state that copies were delivered to Weathers via U.S. Postal Service. However, as a one-time courtesy to Mr. Weathers, the court will direct the clerk's office to mail him one copy of the Memorandum and Mandate.[2]

## II.    INQUIRY REGARDING PRO BONO COUNSEL

Attorneys admitted to practice in the District of Nevada have a strong tradition of providing pro bono representation to indigent litigants in civil cases. General Order 2014-01 established the Pilot Pro Bono Program ("Program") through which volunteer lawyers provide their time and resources to preserve access to justice for individuals unable to afford counsel and these lawyers greatly assist the court in the performance of its mission. At any time during the course of litigation, the court may exercise its discretion to refer the case to the Program for the appointment

---

[2] The court will notify you when any future action is taken in this case. As long as you keep the court apprised of your current address, you will receive all court filings and decisions that might affect the status of your case. If you have not submitted a document required in your case, the court will notify you.

of pro bono counsel.  However, a referral to the program does not guarantee that an attorney will be willing and available to accept the appointment.[3]

The court has inquired with the Program's liaison regarding the status of appointment of pro bono counsel in this case.  The court was informed that Ms. Walsh is unable to continue representing Mr. Weathers through the conclusion of this case and new counsel must be located. The Legal Aid Center of Southern Nevada is currently looking for pro bono counsel.  This case was filed in January 2015.  To prevent further delay in resolution of this case on the merits, the court will impose 90-day deadline for the Program to find counsel willing to take this case.  If the Program is unable to find an attorney to take this case by **May 10, 2019**, Mr. Weathers must continue pro se and prosecute his case to completion, and the parties will be required to file their joint pretrial order.  Mr. Weathers must comply with all procedural rules and court orders on his own behalf unless and until counsel files a notice of appearance.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Daniel T. Weathers' Motion re: Pro Bono Program and Copies (ECF No. 56) is **GRANTED to the limited extent stated in this Order**.

2. The Clerk of the Court is instructed to MAIL Mr. Weathers one copy of the Ninth Circuit's Memorandum (ECF No. 53) and Mandate (ECF No. 54).

3. Mr. Weathers must comply with all procedural rules and court orders unless and until the Pro Bono Program finds pro bono counsel willing to take this case.

4. If the Pro Bono Program is unable to find an attorney by **May 10, 2019:**

    a.  Weathers will continue pro se to prosecute his case to completion; and

    b.  the parties shall have until **June 10, 2019** to file a joint pretrial order.

Dated this 11th day of February, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[3] Courts may request that an attorney represent party on a pro bono basis, but they cannot require counsel to do so or direct payment for a party's attorney's fees. *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).